UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK BAKATURSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00014-GCS |
| ) | |
| DEANNA BROOKHART, LYNN ) | |
| PITTMAN, and LORIE ) | |
| CUNNINGHAM, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Plaintiff's Motion to Add New Defendants (Doc. 81). Plaintiff filed his Motion to Add New Defendants on July 15, 2022. *Id.* In Plaintiff's Motion, Plaintiff seeks to reinstate Rob Jeffreys as a Defendant, in his official capacity as Director of the Illinois Department of Corrections ("IDOC"). *Id.* The Court previously dismissed Director Jeffreys from the case without prejudice because Plaintiff failed to plead any personal involvement by Jeffreys. (Doc. 16, p. 5, 8). Defendants responded in opposition to Plaintiff's Motion on August 4, 2022. (Doc. 88). For the reasons delineated below, the court **GRANTS** Plaintiff's Motion to Add New Defendants (Doc. 81).

Plaintiff asserts that due to his transfer from Lawrence Correctional Center ("Lawrence") to Shawnee Correctional Center ("Shawnee") that Defendant Brookhart no longer has the authority to grant the requested injunctive relief at Shawnee and that Director Jeffreys would be the individual with the authority to do so. (Doc. 81, p. 1).

Defendants instead believe that "[t]he proper party for injunctive relief is the warden and Defendant Brookhart was named as the warden of Lawrence." (Doc. 88, p. 3). Because Plaintiff's amendment is clearly seeking to ensure that he receives injunctive relief if ordered by the Court, the Court finds it appropriate to add Rob Jeffreys as a Defendant for purposes of carrying out any injunctive relief if any was to be ordered.

Federal Rule of Civil Procedure 15(a)(1) provides that "a party may amend its pleadings once as a matter of course" within 21 days of service. FED. R. CIV. PROC. 15(a)(1). In all other cases, "a party may amend its pleadings only with opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2). While leave should be freely given when justice so requires, a court "may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urb. Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). *See also Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 357-358 (7th Cir. 2015)(finding that leave may be denied if there is undue delay, futility, or prejudice). However, a court should provide *pro se* plaintiffs an opportunity to amend their complaints so long as their complaints are without "obviously incurable defects," *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), and doing so would not "unduly delay the litigation and prejudice the defendants," *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Further, although a court is not to act as an advocate, when considering a *pro se* plaintiff's claim, a court should nevertheless take appropriate measures to permit the adjudication of such claims on the merits, rather than dismissing the claims for technical reasons. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996).

Here, the Court construes Plaintiff's request as seeking injunctive relief regardless of which IDOC institution he is housed in or may be housed in the future. Plaintiff was moved from Lawrence to Shawnee on July 15, 2022. (Doc. 79). This transfer prompted Plaintiff to file the present motion (Doc. 81). Injunctive relief over the IDOC instead of a specific correctional center where Plaintiff may be held would not run afoul of restrictions on prison-related injunctions in the Prison Litigation Reform Act.[1] Additionally, such relief would be "narrowly drawn" and does not extend "further than necessary to correct the violation." 18 U.S.C. § 3626(a)(1)(A).

Therefore, the Court finds it appropriate to **GRANT** Plaintiff's Motion to Reinstate Director Rob Jeffreys as a Defendant, in his official capacity only, for purposes of implementing any injunctive relief that might be ordered. Accordingly, the Court also **DIRECTS** the Clerk of Court to **DISMISS** Defendant Brookhart in her official capacity because she no longer has the authority to grant the requested injunctive relief where Plaintiff is presently housed.

**IT IS SO ORDERED.**

**DATED:  March 29, 2023.**

Digitally signed by Judge Sison
Date: 2023.03.29 11:50:46 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[1]  The Prison Litigation Reform Act requires that an injunction "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff." 18 U.S.C. § 3626(a)(1)(A).