UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK BAKATURSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00014-GCS |
| | ) |
| LYNN PITTMAN, | ) |
| LORI CUNNINGHAM, | ) |
| and | ) |
| LATOYA HUGHES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Patrick Bakaturski, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was housed at Lawrence Correctional Center ("Lawrence"). Plaintiff claims that the Defendants were deliberately indifferent to a serious medical issue. Plaintiff seeks monetary damages and injunctive relief. Plaintiff was transferred from Lawrence to Shawnee on July 11, 2022. Before the Court is Plaintiff's motion for preliminary injunction. (Doc. 97). Defendants filed oppositions. (Doc. 111, 113). For the reasons delineated below, the Court denies the motion.[1]

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff, in his motion, raises new allegations that deal with matters that occurred *after* he filed this lawsuit and in a *different* prison, Shawnee. Specifically, he

claims that from November 17, 2022, through the present, Shawnee correctional staff and Wexford Health Care staff have been retaliating against him by barring him from the e-filing system and the law library and denying him the right to file medical grievances related to his medical treatment at Shawnee. Notably, there is no apparent relationship between the facts and allegations contained in Plaintiff's motion and those in this case. Indeed, the named Defendants and the facility where the events occurred in the instant lawsuit are different than the individuals and the facility that he now complains about in his current motion. Furthermore, the claims in the instant motion are separate and distinct from the claims in this case. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 18, 2023.**

Digitally signed by Judge Sison
Date: 2023.08.18 15:16:10 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**